```
               UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

**State of West Virginia,**

    **Plaintiff,**

**v.**                                            **Civil Action No. 2:19-cv-00325**

**Joseph Ziegler,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the court sua sponte. On April 26, 2019, defendant Joseph Ziegler, acting pro se, filed a Notice of Removal, seeking to bring a misdemeanor criminal case, Case No. 19-M08M-00187, pending against him in the Magistrate Court of Clay County, West Virginia. The state charges against defendant include (1) reckless driving, (2) driving without car insurance, (3) driving an unregistered vehicle, (4) driving without an operator's license, and (5) driving under the influence. See Commitment Order, ECF 3-1.

Defendant filed his Notice of Removal on the ground that plaintiff "blatantly violat[ed] this Pro Se Defendant-Petitioner's clearly established Federal Civil Rights unambiguously protected under Equal Protection Clause Right to Fair Jury Trial, Due Process of Law, Access to the Courts, Right

to Property, Right to Association, Freedom of the Press, Interstate Travel, Commerce, Privileges, Immunities and Comity Clause and/or Federal Constitutional Rights protected under Federal Law under Law-of-the-Case Doctrine." Not. Removal 2.

Defendant justifies removal of the criminal case against him based on 28 U.S.C. §§ 1443, 1446-1447. Section 1443 allows for removal in cases where a criminal prosecution is:

> (1) Against any person who is denied or cannot enforce in the courts of [a State] a right under any law providing for the equal civil rights of citizens of the United States...;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. Sections 1446-1447 govern the procedures for removal.

Removal under § 1443(1) is "limited to rare situations." North Carolina v. Lewis, 505 F. App'x 259, 260 (4th Cir. 2013). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)). A federal district court cannot grant removal under § 1443(1) solely based on "[c]laims that prosecution and conviction will

violate rights under constitutional or statutory provisions of general applicability." Id. Moreover, allegations that "removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1)." Id. Second, the court must find "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State, which normally requires that the denial be manifest in a formal expression of state law." A & D Sec. Consultants v. Gray, 481 F. App'x 63 (4th Cir. 2012) (quoting Johnson, 421 U.S. at 219).

Section 1443(2), "is only available to federal officers 'and to persons assisting such officers in the performance of their official duties.'" North Carolina v. Grant, 452 F.2d 780, 782 (4th Cir. 1972) (quoting City of Greenwood v. Peacock, 384 U.S. 808, 815 (1965). This subsection "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." City of Greenwood, 384 U.S. 808, 824 (1966).

Even construing defendant's allegations liberally, the Notice of Removal does not "seek[] the protection of any law which provides for specific civil rights stated in terms of racial equality." Grant, 452 F.2d at 782. Defendant was charged with misdemeanor traffic offenses. In Grant, the United States Court of Appeals for the Fourth Circuit found that similar assertions of "possible violations of [appellant's] respective rights to a fair trial and fundamental due process in the state courts" related to charges of larceny, burglary, kidnapping, and armed robbery "cannot support a valid claim for removal under 28 U.S.C. § 1443(1)." Id.

The Notice of Removal also asserts that defendant is a "Federal Informant regarding the ongoing Federal Investigation concerning the Ambush and Execution of Corrupt Police Officers in Clay County West Virginia" and was "acting under color of law." Not. Removal 5-6. Yet, the "color of authority" clause in § 1443(2) is available only to "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under federal law providing for equal civil rights." City of Greenwood, 384 U.S. at 824. The Notice of Removal offers no support to show defendant was an authorized informant. Moreover, even if he was "acting under color of authority derived from any law providing for equal rights," he

4

was not charged for his acts as an informant but for misdemeanor traffic violations.  <u>Bald Head Ass'n v. Curnin</u>, No. 7:09-CV173-F, 2010 WL 1904268, at *6 (E.D.N.C. May 10, 2010), <u>aff'd in part, appeal dismissed in part,</u> 429 F. App'x 360 (4th Cir. 2011) (denying removal because defendant "is <u>not</u> being sued for his actions as an informant").

Under the standards described above, the Notice of Removal lacks allegations setting forth a valid basis for removal of defendant's criminal case to this court.

Accordingly, it is ORDERED this matter be, and it hereby is, remanded to the Clay County Magistrate Court.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: September 19, 2019

John T. Copenhaver, Jr.
Senior United States District Judge