```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                 AT CHARLESTON
```

**STATE OF WEST VIRGINIA,**

      **Plaintiff,**

**v.**                                              Civil Action No. 2:19-cv-00325

**JOSEPH ZIEGLER,**

      **Defendant.**

### MEMORANDUM OPINION AND ORDER

Pending is defendant's motion for relief from judgment, filed December 4, 2019.

I.

On April 26, 2019, defendant Joseph Ziegler, acting pro se, filed a notice of removal, seeking to remove a misdemeanor criminal case, Case No. 19-M08M-00187, brought against him in the Magistrate Court of Clay County, West Virginia. The state charges against defendant included (1) reckless driving, (2) driving without car insurance, (3) driving an unregistered vehicle, (4) driving without an operator's license, and (5) driving under the influence. See Commitment Order, ECF 3-1.

Defendant filed his notice of removal on the ground that plaintiff "blatantly violat[ed] this Pro Se Defendant-Petitioner's clearly established Federal Civil Rights unambiguously protected under Equal Protection Clause Right to Fair Jury Trial, Due Process of Law, Access to the Courts, Right to Property, Right to Association, Freedom of the Press, Interstate Travel, Commerce, Privileges, Immunities and Comity Clause and/or Federal Constitutional Rights protected under Federal Law under Law-of-the-Case Doctrine." Not. Removal 2.

On September 19, 2019, the court entered a memorandum opinion and order remanding this case to the Clay County Magistrate Court. The court concluded that the notice of removal lacked allegations to set forth a valid basis for removal of defendant's criminal case. On December 4, 2019, defendant filed the instant motion and a memorandum of law in support thereof pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. See Def.'s Mot. Relief J., ECF No. 10 ("ECF No. 10"); Def.'s Mem., ECF No. 11 ("ECF No. 11").[1] Although not plainly stated in these filings, it appears defendant maintains that he is entitled to relief under subsections (1), (4), and

---

[1] The caption in the memorandum of law provides the case number of Ziegler v. Clay County Sheriff, No. 2:19-cv-00410 (S.D.W. Va. filed May 28, 2019), which is a separate case involving defendant pending in this court. See ECF No. 11.

(6) of Fed. R. Civ. P. 60(b). The State of West Virginia has yet to file a response or otherwise make an appearance since this case was removed.

## II.

Under Rule 60(b), a court may relieve a party from judgment for reasons that include the following: "(1) mistake, inadvertence, surprise, or excusable neglect . . . (4) the judgment is void . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (4), (6). "It is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (citing Ackermann v. United States, 340 U.S. 193, 198 (1950)). Therefore, a party seeking relied under Rule 60(b) must first show the following: "timeliness, a meritorious [claim or] defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Id. (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)); Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011). "Rule 60(c)(1) requires that 60(b) motions 'be made within a reasonable time,' Fed. R. Civ. P. 60(c)(1), and the movant bears the burden of showing timeliness." Moses v. Joyner, 815 F.3d 163, 166 (4th Cir. 2016) (citing Werner, 731 F.2d at 206–07

& n.1). After demonstrating these initial threshold requirements, the party seeking relief must then satisfy one of the six subsections of Rule 60(b). Werner, 731 F.2d at 207.

As a preliminary mater, defendant offers no reason for his delay in filing this motion. Defendant filed the motion on December 4, 2019, a little less than three months after the court's September 19, 2019 ruling. The Fourth Circuit has "held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir. 1991) (citations omitted). Moreover, defendant makes no effort to meet any of the other threshold requirements of a meritorious claim or defense, lack of unfair prejudice to the opposing party, or exceptional circumstances that might warrant the motion.

Even assuming defendant met these threshold requirements, defendant does not show that he is entitled to relief under one of the six subsections of Rule 60(b). First, defendant argues "that it would be a mistake, inadvertence, or excusable neglect" under Rule 60(b)(1) for the court to follow its previous ruling. See ECF No. 10 at 4. Although a "mistake" under Rule 60(b)(1) may include mistakes by the court in

"certain limited instances," this subsection does not provide relief "[w]here the motion is nothing more than a request that the district court change its mind."  See United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982).  Insofar as defendant challenges the court's substantive ruling under Rule 60(b)(1), courts have required such motions to be filed within the 30-day deadline required for the filing of a notice of appeal.  See, e.g., Mendez v. Republic Bank, 725 F.3d 651, 659 (7th Cir. 2013); Aikens, 652 F.3d at 501–02 ("This court has repeatedly recognized that a Rule 60(b) motion is not designed to serve as an alternative for an appeal."); Cashner v. Freedom Stores, Inc., 98 F.3d 572, 578 (10th Cir. 1996).  The deadline to file a notice of appeal expired well before defendant's motion for relief from judgment.  Therefore, defendant is not entitled to relief under Rule 60(b)(1).

Unlike a motion filed under the other subsections of Rule 60(b), a Rule 60(b)(4) motion may be brought at any time. See Foster v. Arletty 3 Sarl, 278 F.3d 409, 414 (4th Cir. 2002)); In re Heckert, 272 F.3d 253, 256 (4th Cir. 2001); Vinten v. Jeantot Marine Alls., S.A., 191 F. Supp. 2d 642, 649–50 (D.S.C. 2002) ("Although the Fourth Circuit has not expressly stated that the threshold requirements are inapplicable with regard to Rule 60(b)(4) motions, the court's use of de novo

review strongly indicates that these requirements, which necessitate the use of discretion by the district court, are not applicable in this situation.").

Still, a judgment is "void" under Rule 60(b)(4) "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010); Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017) ("An order is 'void' only if the court lacked personal or subject matter jurisdiction or acted contrary to due process of law."). A litigant may not use a motion brought pursuant to Rule 60(b)(4) merely to challenge a result on the merits that he did not timely appeal. See Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005) ("[W]e narrowly construe the concept of a 'void' order under Rule 60(b)(4) precisely because of the threat to finality of judgments and the risk that litigants . . . will use Rule 60(b)(4) to circumvent an appeal process they elected not to follow."); see also Aikens, 652 F.3d at 501–02.

Defendant does not contend that the court lacked personal or subject matter jurisdiction. Rather, he argues that the court based its decision "on an unreasonable determination

of the facts in light of the evidence presented in the State court proceeding." ECF No. 10 at 4. Additionally, defendant "claims that the clearly established Federal Removal Statute did not end in the 1960s, nor is it to be racially limited to Free African-America[n] Citizens <u>but for All Citizens</u> seeking Equal Protection Right under Due Process of Law, Access to Courts, and the Right to a Jury Trial." ECF No. 11 at 10 (emphasis in original). Again, defendant challenges the merits of the court's ruling rather than asserting that remanding the case violated his due process rights in a manner that deprived him of "notice or the opportunity to be heard." <u>Espinosa</u>, 559 U.S. at 271. "A judgment is not 'void' under Rule 60(b)(4) merely because it is erroneous." <u>Cromer v. Kraft Foods North Am.</u>, 390 F.3d 812, 817 (4th Cir.2004). Accordingly, defendant has not shown that Rule 60(b)(4) affords him relief.

Finally, defendant also asserts that that he is entitled to relief under Rule 60(b)(6) (any other reason that justifies relief) by arguing that "Extraordinary Circumstances" exist for the court "to correct the numerous clerical mistakes, judicial mistakes, and substantial legal errors" in the court's September 19, 2019 decision and that, in remanding, the court violated clearly established federal law. <u>See</u> ECF No. 10 at 3; ECF No. 11 at 5.

7

The United States Supreme Court has "repeatedly instructed that only truly 'extraordinary circumstances' will permit a party successfully to invoke the 'any other reason' clause of § 60(b)." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 873 (1988) (citations omitted); Aikens, 652 F.3d at 501. A motion under Rule 60(b)(6) must do "more than reiterate the existence of a meritorious defense." Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 897 (4th Cir. 1987). Moreover, "[i]f the reason asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment," such motions should be denied "as merely an inappropriate substitute for an appeal." Aikens, 652 F.3d at 501. "It is the office of appeal that is designed to correct perceived errors, and any appeal is governed by an independent set of rules and time considerations." Id. at 502. A party's "voluntary, deliberate, free, [and] untrammeled choice," not to appeal does not provide a basis for relief under Rule 60(b)(6). Dowell, 993 F.2d at 48 (quoting Ackermann, 340 U.S. at 200).

Here, it appears defendant was aware of his right to appeal the September 19, 2019 decision. The motion quotes 28 U.S.C § 1447(d), which provides that "[a]n order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal

or otherwise." Id; ECF No. 10 at 6. Among other things, defendant disputes the court's determination that 28 U.S.C. § 1443 does not entitle him to removal and "demands that the Final Order be corrected for Federal Appellate Court Review under the Abuse of Discretion Standard for failure [to] correct earlier mistakes." ECF No. 11 at 4–6. Inasmuch as defendant seeks appellate relief, Rule 60(b)(6) is not the appropriate means of achieving that goal.

Although courts construe pro se litigants' filings liberally, "the 'special judicial solicitude' with which a district court should view . . . pro se [filings] does not transform the court into an advocate." United States v. Wilson, 699 F.3d 789, 797 (4th Cir. 2012) (alterations in original) (quoting Weller v. Dep't of Soc. Servs. for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990)). The instant motion for relief from judgment offers grounds that do not justify the relief sought.[2] Accordingly, the court ORDERS that the motion be, and it hereby is, denied.

---

[2] Indeed, the request is so frivolous that the court is left to wonder whether it has been filed in what would be a futile effort to extend the time for seeking appellate relief.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: January 28, 2020

_____
John T. Copenhaver, Jr.
Senior United States District Judge